# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY N. JOHNSON, CDCR #E-06004, <br><br> Plaintiff, <br><br> vs. <br><br> K. WOODS, Correctional Officer; <br> E. LAZAMANA, Correctional Officer; <br> D. MARTINEZ, Correctional Officer; <br> DANIEL PARAMO, Warden, <br><br> Defendants. | Case No.: 3:17-cv-1399-WQH-KSC <br><br> **ORDER** |

GARY N. JOHNSON ("Plaintiff"), incarcerated at Richard J. Donovan Correctional Facility ("RJD"), in San Diego, California, is proceeding pro se in this case with a civil rights Complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 1).

Plaintiff has not prepaid the $400 civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

1

## I. Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1)-(2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. December 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his Motion to Proceed IFP, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report (ECF No. 2 at 3-7), together with a prison certificate attesting to his trust account activity. *Id.* at 2; *see also* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff has carried no average monthly balance, has had no monthly deposits to his account over the six-month period immediately preceding the filing of his Complaint, and, consequently, had no available balance on the books at the time of filing. *See* ECF No. 2 at 2, 4. Based on this accounting, no initial partial filing fee is assessed. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2); declines to exact any initial filing fee because his prison certificate indicates he has "no means to pay it," *Bruce*, 136 S. Ct. at 629; and directs the Secretary of the CDCR, or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

**II. Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A**

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

**B. Plaintiff's Allegations**

Plaintiff is 68 and confined to wheelchair. *See* ECF No. 1 at 26. On September 14, 2016, he was released from his housing unit at RJD and directed to report to the "Plaza Gate for transport to an outside medical procedure." *Id.* at 4. Correctional Officers E. Laxamana and D. Martinez escorted him to the B Yard work change area, which was "overseen by Correctional Officer K. Woods." *Id.* Plaintiff inquired twice as to the reason for his transport, seeking confirmation that it was for purposes of "admittance for urological surgery," but Laxamana said it was not and told Plaintiff to "hurry up and get dressed." *Id.* Plaintiff claims that "immediately after," Woods "for some unknown reason," rapidly approached, ordered Laxamana and Martinez to "Get Out" in a "loud and frightening manner," and "pushed and backed" Plaintiff's wheelchair up against some "wooden clothing exchange boxes." *Id.* There, Plaintiff contends Woods continued to yell, "lost control[,] and was enraged." *Id.* at 5. Plaintiff claims Woods exclaimed, "I

4

Don't Believe in this Manby Pamby [sic] Stuff. I'm Old School!" and then pushed Plaintiff's head against the "boxes attached to the wall and floor" and choked him until he began to "lose consciousness." *Id.* at 5, 26. Plaintiff further contends that Officers Lazamana and Martinez "abandoned" him and at "[a]t no time" protected him, assisted him, or intervened in Wood's attack. *Id.* at 26-27. Plaintiff seeks declaratory relief and compensatory and punitive damages. *Id.* at 32.

### C. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

### D. Warden Paramo

In addition to Officers Woods, Laxamana, and Martinez, Plaintiff has named the Warden of RJD, Daniel Paramo, as a Defendant. (ECF No. 1 at 1-2, 24). However, nowhere in the body of his Complaint does Plaintiff include "further factual enhancement" which describes when, how, or to what extent Paramo personally caused him any injury. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). Instead, Plaintiff simply identifies Paramo as RJD's Warden and alleges that he "was responsible for supervising, and at all times disciplining, and providing necessary training for all correctional officers and staff employed at [RJD]." *See* ECF No. 1 at 24. However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). "Because vicarious liability is inapplicable to . . . § 1983 suits, [Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 at 676.

As currently pleaded, Plaintiff's Complaint offers no factual detail from which the Court might reasonably infer that Paramo violated Plaintiff's constitutional rights through his own individual actions. *Iqbal*, 662 U.S. at 678 (noting that Fed. R. Civ. P. 8 "demands

5

more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 555, 570). Therefore, the Court sua sponte dismisses Paramo as a party to this action based on Plaintiff's failure to state a plausible claim against him. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### E. Defendants Woods, Laxamana, and Martinez

As to Correctional Officers Woods, Laxamana, and Martinez, however, the Court finds Plaintiff's Complaint contains Eighth Amendment excessive force and failure to protect claims sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Hudson v. McMillian*, 503 U.S. 1, 5, (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (*per curiam*) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm") (citing *Hudson*, 503 U.S. at 7) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1123; *see also Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (prison officials have a duty under the Eighth Amendment "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners") (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (an officer's failure to intervene and protect can violate a prisoner's Eighth Amendment rights); *Jackson v. Yates*, No. 1:11-CV-00080-LJO, 2014 WL 6685001, at *6 (E.D. Cal. Nov. 25, 2014) (finding triable dispute as to prisoner's Eighth Amendment excessive force claims of having been "dumped . . . out of [his] wheelchair" and dragged across the "concrete ground"), *report and recommendation adopted*, No. 1:11-CV-00080-LJO, 2015 WL 150741 (E.D. Cal. Jan. 12, 2015).

Accordingly, the Court will direct the U.S. Marshal to effect service upon Defendants Woods, Laxamana, and Martinez on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed [IFP] under 28 U.S.C. § 1915.").

### III. Conclusion and Order

For the reasons discussed, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2).

2) **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the full $350 owed in monthly payments in an amount equal to 20% of the preceding month's income each time the amount in Plaintiff's account exceeds $10 and forward it to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4) **DISMISSES** Warden Daniel Paramo based on Plaintiff's failure to state a claim against him pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and **DIRECTS** the Clerk of the Court to terminate Paramo as a party to this action.

5) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendants Woods, Laxamana, and Martinez. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint and the summons so that he may serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c, and return them to the United States Marshal according to the instructions the Clerk provides

7

3:17-cv-1399-WQH-KSC

in the letter accompanying his IFP package.

6) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants Woods, Laxamana, and Martinez as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

7) **ORDERS** Defendants once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

8) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendant may be disregarded.

Dated: November 3, 2017

Hon. William Q. Hayes
United States District Court