FILED

FEB 27 2019

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| GARY N. JOHNSON, | Case No.: 17cv1399-WQH(KSC) |
|---|---|
| Plaintiff, | **ORDER DENYING PETITIONER'S EX PARTE MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | |
| K. WOODS, et al., | |
| Defendants. | **[Doc. No. 22]** |

Plaintiff is proceeding *pro se* and *in forma pauperis* (IFP) in this civil rights action pursuant to Title 42, United State Code, Section 1983, alleging defendants violated his rights under the United States Constitution. [Doc. No. 1.] Before the Court is plaintiff's Ex Parte Motion for Appointment of Counsel. [Doc. No. 22.]

### *Background*

In his Complaint, plaintiff alleges he was attacked by defendant Woods, a correctional officer at R. J. Donovan Correctional Facility. [Doc. No. 1, at pp. 1-2, 5.] According to the Complaint, defendant Woods choked plaintiff and shoved him against some wooden boxes. [Doc. No. 1, at p. 5.] Plaintiff also alleges that other correctional

officers in the area at the time, E. Laxamana and D. Martinez, "purposely ignored" the attack. [Doc. No. 1, at pp. 5-6.] As a result of the attack, plaintiff claims he suffered a restricted airway, nausea, and dizziness and may have had a concussion. [Doc. No. 1, at pp. 5-6.]

### *Discussion*

In his Ex Parte Motion, plaintiff requests that the Court appoint counsel in this case, because he is untrained in the law and is indigent. Without appointment of counsel, plaintiff believes he will be disadvantaged in his ability to litigate the case and protect his civil rights. [Doc. No. 22, at pp. 1-8.]

An indigent's right to appointed counsel has been recognized to exist "only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services of Durham County, N. C.*, 452 U.S. 18, 25 (1981). District Courts generally lack authority to require counsel to represent indigent prisoners in Section 1983 cases. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 298 (1989). However, in certain "exceptional circumstances," the Court may request the voluntary assistance of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

"A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017 (internal citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal citation omitted).

In this case, there is no basis to support a finding of exceptional circumstances at this time. First, the record is not sufficiently developed so that the Court can make a determination on the likelihood of success on the merits.

Second, a *pro se* prisoner's inability to afford an attorney, standing alone, is not enough to show exceptional circumstances. This and other hardships imposed by plaintiff's incarceration "are difficulties which any litigant would have in proceeding *pro*

2

*se*; they do not indicate exceptional factors." *Wood v. Housewright*, 900 F.2d 1332, 1335–1336 (9th Cir. 1990).

Third, there is nothing from which the Court could conclude plaintiff lacks the ability to articulate and prosecute his claims *pro se* even though he lacks legal training. The allegations in the Complaint are clearly stated and they survived initial screening. [Doc. No. 1, at pp. 1-7; Doc. No. 8, at pp. 2-3.] Numerous exhibits are also attached to the Complaint to assist the Court in evaluating plaintiff's allegations. [Doc. No. 1, at pp. 9-36.] Thus far, plaintiff has shown an ability to effectively articulate his claims and communicate with the Court in this action.

Fourth, the allegations in the Complaint are not novel or complex. Plaintiff essentially alleges excessive force against defendant Woods and deliberate indifference against defendants E. Laxamana and D. Martinez for failure to protect his physical safety. [Doc. No. 1.]

Finally, *pro se* litigants are afforded some leniency to compensate for their lack of legal training. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). This also applies to motions. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). Accordingly, plaintiff's *pro se* status will be taken into consideration by the Court when his filings are reviewed.

## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's Ex Parte Motion for Appointment of Counsel is DENIED. [Doc. No. 22.]

IT IS SO ORDERED.

Dated: February 27, 2019

Hon. Karen S. Crawford
United States Magistrate Judge