

FILED
JUN 4 2019
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY HMF          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY N. JOHNSON,<br><br>                    Plaintiff,<br>v.<br>K. WOODS, et al.,<br><br>                    Defendants. | Case No.: 17cv1399-WQH(KSC)<br><br>**REPORT AND RECOMMENDATION RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**[Doc. No. 20]** |

Plaintiff Gary N. Johnson is proceeding *pro se* and *in forma pauperis* (IFP) in this civil rights action pursuant to Title 42, United State Code, Section 1983, alleging that his rights under the Eighth Amendment were violated when defendant Woods assaulted and used excessive force against him and defendants Laxamana and Martinez failed to protect him from excessive force by defendant Woods. [Doc. No. 1, at pp. 4-5.]

Before the Court is defendants' Motion for Summary Judgment. [Doc. No. 20.] In their Motion, defendants argue that judgment should be entered in their favor, because plaintiff failed to exhaust his administrative remedies before filing his Complaint in this action. [Doc. No. 20-1, at pp. 5-7.] Alternatively, as to defendants Laxamana and

Martinez, defendants argue they are entitled to summary judgment in their favor because they were not present when the alleged assault against plaintiff took place. Because they were not present, these defendants argue they could not have prevented any such assault. [Doc. No. 20-1, at p. 7.]

Plaintiff did not file an opposition to the Motion even though he was advised of the briefing schedule and provided with the Notice required by *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1988) (*en banc*) and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988). In this Notice, plaintiff was warned of his obligation to respond to the Motion and the potential consequences for failing to do so. [Doc. No. 23, at pp. 1-2.] For the reasons outlined more fully below, IT IS HEREBY RECOMMENDED that the District Court GRANT defendants' Motion for Summary Judgment. [Doc. No. 20.]

## *Background*

In his Complaint, plaintiff alleges he was housed at the R.J. Donovan Correctional Facility. [Doc. No. 1, at p. 1.] On or about September 14, 2016, plaintiff reported to a gate to be transported to an outside medical facility for a surgical procedure. Plaintiff was met at the gate by defendants Laxamana and Martinez, who escorted him to the "Work Change Area," so that he could change his clothes prior to transportation. [Doc. No. 1, at p. 4.] While he was in the process of changing clothes, plaintiff repeatedly asked to be given the reason he was being transported so he could confirm he was being taken to the correct medical facility. [Doc. No. 1, at p. 4.]

Defendant Laxamana allegedly replied that plaintiff was not being transported for any surgery and then told plaintiff to "hurry up and get dressed." [Doc. No. 1, at p. 4.] According to the Complaint, defendant Wood then came from behind his counter yelling at defendants Laxamana and Martinez and other officers in the area, telling them "in a loud and frightening manner" to "get out now." [Doc. No. 1, at p. 4.] As a result, plaintiff, who was confined to a wheelchair, was left alone in a room with defendant Woods. Defendant Woods allegedly pushed plaintiff back against some wooden clothing exchange boxes while yelling loudly at him. [Doc. No. 1, at pp. 4-5.] In addition,

plaintiff alleges that defendant Woods choked him and restricted his airway. [Doc. No. 1, at p. 4.] Plaintiff also alleges that defendants Laxamana and Martinez, who were in the area at the time, "purposely ignored" the attack. [Doc. No. 1, at p. 5.] Because of the alleged attack, plaintiff claims he suffered a restricted airway, nausea, and dizziness, and may have had a concussion. [Doc. No. 1, at pp. 5-6.]

## *Discussion*

### I. *Summary Judgment Standards Under Rule 56.*

The purpose of summary judgment is to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact. [Citation omitted.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet the burden of proof, a moving defendant must either produce evidence negating an essential element of the plaintiff's claim or show that the plaintiff does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. Ltd.*, 475 U.S. at 586. "[T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Id.* at 587 (emphasis in original, internal quotation marks omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could

3

reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Rule 56 requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial on all matters as to which he has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted).

In considering a Motion for Summary Judgment by the defendants, the Court "must determine whether the record, when viewed in the light most favorable to [the plaintiff as the non-moving party], shows that there is no genuine issue of material fact and that the [defendants] are entitled to judgment as a matter of law." *Brown v. City of Los Angeles*, 521 F.3d 1238, 1240 (9th Cir. 2008). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. at 248. However, it is not the role of the District Court to make credibility determinations, weigh the evidence, or draw legitimate inferences from the facts. *Id.* at 255.

## II. *Administrative Exhaustion Requirements.*

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983). However, the Prison Litigation Reform Act ("PLRA") includes a mandatory requirement that a prisoner exhaust available administrative remedies before filing suit under Section 1983. *Booth v. Churner*, 532 U.S. 731, 733–734 (2001). This mandatory requirement states as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[F]ailure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007).

In California, "[a]ny inmate . . . may appeal any policy, decision, action, condition, or omission . . . that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1. "The California prison grievance system has three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level." *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016), citing Cal.Code Regs. tit. 15, § 3084.1(b). Generally, "[a]t least one face-to-face interview" must be conducted with the inmate "at the first level of review, or the second level if the first level of review is bypassed." Cal. Code Regs. tit. 15, § 3084.7(3). To present an appeal, an inmate must complete CDCR Form 602, and if more space is needed, the inmate must also complete CDCR Form 602-A. Cal. Code Regs. tit. 15, § 3084.2.

"All appeals shall be initially submitted and screened at the first level unless the first level is exempted. The appeals coordinator may bypass the first level. . . ." Cal. Code Regs. tit. 15, § 3084.7(a). "The second level is for review of appeals denied or not otherwise resolved to the appellant's satisfaction at the first level, or for which the first level is otherwise waived. . . . The second level shall be completed prior to the appellant filing at the third level. . . ." Cal. Code Regs. tit. 15, § 3084.7(b). "Second level review shall be conducted by the hiring authority or designee at a level no lower than Chief Deputy Warden, Deputy Regional Parole Administrator, or the equivalent." Cal. Code Regs. tit. 15, § 3084.7(d)(2). "The third level is for review of appeals not resolved at the second level. . . ." Cal. Code Regs. tit. 15, § 3084.7(c). "The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation . . . . The third level of review exhausts administrative remedies. . . ." Cal. Code Regs. tit. 15, § 3084.7(d)(3).

A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84, 93 (2006). "[P]roper exhaustion of administrative remedies is necessary." *Id.*

### III. *Exhaustion of Administrative Remedies Addressed by Plaintiff in the Complaint and the Attached Exhibits.*

As noted above, plaintiff did not file an opposition to defendants' Motion for Summary Judgment. However, plaintiff did submit some evidence on the issue of exhaustion in his Complaint and in exhibits attached to the Complaint that the Court may consider. On page 3 of his form Complaint, plaintiff checked a box indicating that he "previously sought and exhausted all forms of available relief from the proper administrative officials. . . ." [Doc. No. 1, at p. 3.] Attached to plaintiff's form Complaint is a Declaration signed by plaintiff under penalty of perjury that outlines the substantive allegations against defendants Woods, Laxamana, and Martinez.[1] [Doc. No. 1, at pp. 4-7.]

Plaintiff also attached exhibits to the Complaint showing his efforts to exhaust his administrative remedies. [Doc. No. 1, at pp. 8-37.] According to these documents, plaintiff submitted a Form 602 appeal to prison officials on September 21, 2016. This Form 602 states that plaintiff was physically assaulted by "C/O Woods," who "thrust" his head against wooden boxes multiple times causing injuries to plaintiff's head and scalp, including bleeding and abrasions. [Doc. No. 1, at p. 33.] Plaintiff requested an internal investigation. He also requested that defendant Woods be placed on administrative leave, admonished not to take any retaliatory actions, and prosecuted for assault and "elder abuse," because plaintiff is "68 years of age." [Doc. No. 1, at p. 35.] At the bottom of this Form 602, in a section labeled "First Level-Staff Use Only," a box is checked indicating that the First Level of Review was "bypassed." [Doc. No. 1, at p. 33.] Side 2 of the form indicates that the appeal was "Accepted at the Second Level of Review" in September of 2016. The day of acceptance is illegible. [Doc. No. 1, at p. 34.] A box is

---

[1] A verified complaint may be used as an affidavit under Rule 56 if it is based on personal knowledge and sets forth specific facts admissible in evidence. *Schroeder v. McDonald*, 55 F.3d 454, 460 nn. 10-11 (9th Cir. 1995).

6

also checked on Side 2 of the form indicating the appeal was "Granted in Part." [Doc. No. 1, at p. 34.]

On September 30, 2016, an Inmate Appeal Assignment Notice was sent to plaintiff stating that his appeal was sent to staff "for second level response." [Doc. No. 1, at p. 15.] Citing California Code of Regulations, Section 3084.8(e), the Appeals Coordinator notified plaintiff in a memo dated November 7, 2016, that a response to his appeal would be delayed until approximately November 18, 2016, because of "[c]omplexity of the decision, action, or policy."[2] [Doc. No. 1, at p. 14.]

On December 23, 2016, plaintiff had still not received a response to his second level appeal, so he sent a memo to the appeals coordinator complaining of "delay tactics." [Doc. No. 1, at p. 12.] In the memo, plaintiff advised that he considered the delay "as proof that he has exhausted this process," so he would be sending a copy of his 602 to the Third Level for processing. [Doc. No. 1, at pp. 12, 18.] A handwritten response on the bottom of the memo states that an extension on an appeal response "does not constitute delay tactics as all extensions must be approved by the CDW. Your appeal . . . is due for CDW signature on January 17, 2017. [Doc. No. 1, at p. 12.]

---

[2] If prison officials fail to respond to a properly filed grievance within the time limits specified in the grievance policies, Federal Courts have found that the prisoner "is deemed to have exhausted available administrative remedies." *Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017). Here, however, it is apparent that prison officials complied with the applicable time limits. Section 3048.8 states in part as follows: "All appeals shall be responded to and returned to the inmate or parolee by staff within the following time limits, unless exempted pursuant to the provisions of subsections 3084.8(f) and (g): . . . (2) Second level responses shall be completed within 30 working days from date of receipt by the appeals coordinator." Cal. Code Regs. tit. 15, § 3084.8(c)(2). Section 3048(d) states that: "Exception to the time limits provided in subsection 3084.8(c) is authorized only in the event of: . . . (2) The complexity of the decision, action, or policy requiring additional research." Cal. Code Regs. tit. 15, § 3084.8(d).

7

On January 12, 2017, the Office of Appeals in Sacramento sent plaintiff a letter rejecting his request for review at the third level. The letter explains that plaintiff bypassed a lower level of review, and the office only acts as the third level of review after the institution has responded to the Second Level of Appeal. [Doc. No. 1, at p. 11.]

On January 24, 2017, petitioner sent another memo to the appeals coordinator complaining of "unwarranted delay" and stating that a response to his appeal was "now over four months old" and overdue. [Doc. No. 1, at pp. 10, 16, 19.] A handwritten response at the bottom of plaintiff's memo states that the time for responding to his appeal was extended again to February 2, 2017. [Doc. No. 1, at p. 10.]

Also attached to the Complaint is a "Second Level Response" to plaintiff's appeal which was signed by the Warden on February 8, 2017. This Second Level Response states that a review of plaintiff's allegations of staff misconduct had been completed. [Doc. No. 1, at p. 21-22.] His appeal was "PARTIALLY GRANTED." [Doc. No. 1, at p. 22.] According to the Response, defendants Woods, Laxamana, and Martinez were each questioned, and regulations were reviewed, but a finding was made that staff did not violate CDCR policy. [Doc. No. 1, at p. 22.] The last paragraph of the Second Level Response states as follows: "If you wish to appeal the decision and/or exhaust administrative remedies, you must submit you staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted." [Doc. No. 1, at p. 22.]

On February 19, 2017, plaintiff sent a memo to the Associate Warden asking why his Form 602 submitted on September 21, 2016 had not yet been resolved. [Doc. No. 1, at p. 8.] On February 20, 2017, plaintiff submitted another Form 602 complaining about the long delay in processing his staff assault complaint and requesting a response, so he could "continue." [Doc. No. 1, at p. 17.] These two documents suggest there was a delay in plaintiff receiving a copy of the Second Level Response, because the Warden signed the Response on February 8, 2017. [Doc. No. 1, at p. 22.]

8

On July 10, 2017, months after the Second Level Response was completed, plaintiff filed his Complaint in this action. [Doc. No. 1, at p. 1.] Plaintiff did not attach any exhibits to the Complaint indicating he submitted an appeal at the third level of review ***after*** receiving a Second Level Response, even though he was notified in the Second Level Response that he would need to do so to exhaust his administrative remedies. [Doc. No. 1, at pp. 1-37.]

## IV. *Defendants' Motion for Summary Judgment.*

Defendants argue they are entitled to summary judgment in their favor, because plaintiff did not submit a timely appeal at the third level of review after receiving a response to his second level appeal. [Doc. No. 20-1, at pp. 1-3.] The record before the Court supports defendants' argument, and, as noted above, plaintiff did not file an opposition to defendants' Motion and did not submit any contrary evidence.

With respect to exhaustion of administrative remedies by inmates, a defendant has the burden of proving "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). "Once the defendant has carried that burden, the prisoner has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* However, "the ultimate burden of proof remains with the defendant[s]." *Id.* "[P]articular circumstances of the prisoner's case must be considered when deciding whether administrative remedies were properly exhausted." *Fuqua v. Ryan*, 890 F.3d 838, 850 (9th Cir. 2018), citing *Albino*, 747 F.3d at 1172.

In support of their Motion for Summary Judgment, defendants submitted: (1) a Declaration by M. Voong, who has been employed by the California Department of Corrections and Rehabilitation (CDCR) for more than twenty-one years; and (2) plaintiff's deposition testimony. Currently, M. Voong's title is Chief of the Office of Appeals, which receives all non-medical inmate appeals or grievances submitted for third

9

level review. [Doc. No. 20-3, at p. 1.] M. Voong is "personally familiar with the record keeping system at the Office of Appeals, and [is] able to verify the status of a California inmate's third level administrative appeals." [Doc. No. 20-3, at p. 2.] Upon receipt, all appeals are logged into a computer database. [Doc. No. 20-3, at p. 2.] At the request of defense counsel, M. Voong initiated a search of system files to locate any appeals from plaintiff concerning allegations of excessive force during an incident that occurred on September 14, 2016, when plaintiff was housed at the Richard J. Donovan Correctional Facility. [Doc. No. 20-3, at p. 3.]

According to M. Voong's Declaration, a thorough search of records revealed that plaintiff submitted two appeals to the Office of Appeals about the September 14, 2016 incident, but he submitted them prematurely before completion of the required second level of review. [Doc. No. 20-3, at pp. 3, 33.] On January 12, 2017 and February 17, 2017, these appeals were "screened-out" and "rejected" for "inappropriately bypassing the required second level of review." [Doc. No. 20-3, at pp. 3, 5-30.] These appeals were returned to plaintiff by mail with notices explaining the defects and how it could be corrected. [Doc. No. 20-3, at p. 3.] Although the exhibits attached to the Complaint indicate that plaintiff's second level of review was completed as of February 8, 2017 and that plaintiff received a copy of the second level response some time thereafter [Doc. No. 1, at pp. 21-22], M. Voong's Declaration represents that the Office of Appeals did not receive or accept any appeals from plaintiff at the third and final level of review once the second level of review was completed. [Doc. No. 20-3, at p. 3.]

In his deposition, plaintiff testified that he was familiar with the inmate appeal process "in general" and with the portion of Title 15 that addresses inmate appeals. [Doc. No. 20-2, at p. 5.] Since he has been in custody, plaintiff testified that he has filed two or three other appeals besides the appeal at issue in this case.[3] [Doc. No. 20-2, at p. 6.]

---

[3] An appeal history attached to M. Voong's Declaration indicates that plaintiff has filed numerous appeals since 1995. [Doc. No. 20-3, at pp. 32-34.]

10

Plaintiff also testified that the pages he attached to his Complaint include "the entire appeal file," except for a videotaped statement of his injury that was made the day of the alleged incident. [Doc. No. 20-2, at p. 7.]

Based on the evidence submitted by defendants in M. Voong's Declaration and in plaintiff's deposition testimony, it is this Court's view that defendants have met their burden of producing evidence to show that plaintiff did not exhaust available administrative remedies. As noted above, plaintiff did check a box on his form Complaint indicating he "previously sought and exhausted all forms of available relief from the proper administrative officials. . . ." [Doc. No. 1, at p. 3.] However, defendants submitted specific contrary evidence with their Motion for Summary Judgment showing plaintiff did not exhaust available administrative remedies. The evidence submitted by defendants is enough to establish that plaintiff did not submit an appeal at the third level of review after receiving a response to his second level appeal. Defendants' evidence also shows that plaintiff did not submit an appeal at the third level, even though he was familiar with the appeals process and was specifically advised that he must submit an appeal at the third level of review to exhaust his administrative remedies.

Because defendants carried their burden to show plaintiff did not exhaust available administrative remedies, the burden shifted to plaintiff to present evidence showing "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at p. 1172-1173. As noted above, the Court served plaintiff with the briefing schedule for defendants' Motion for Summary Judgment, along with the Notice required by *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1988) (*en banc*) and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988). The Notice explains what to do to oppose the Motion, and states that the case could be decided against plaintiff without a trial if he did not "set out specific facts in declarations, depositions, answer to interrogatories, or authenticated documents, as provided in Rule 56(d), that contradict the facts shown in the defendants' declarations and documents. . . ." [Doc. No. 23, at pp. 1-2.]

Despite this Notice, plaintiff did not submit an opposition to defendants' Motion for Summary Judgment. Nor did he request an extension of time to do so. Therefore, plaintiff has not met his burden of setting out specific facts to contradict those presented in M. Voong's Declaration and in his deposition testimony. It is therefore undisputed that plaintiff failed to exhaust his administrative remedies, because he failed to submit a timely appeal at the third level of review after receiving a response to his second level appeal. [Doc. No. 20-3, at pp. 1-4.] Since defendants met their burden as the moving party to demonstrate that plaintiff failed to exhaust available administrative remedies prior to the initiation of this action and plaintiff failed to submit any contradictory evidence, it is this Court's view that defendants are entitled to summary judgment in their favor. *Albino*, 747 F.3d at 1172.

Alternatively, defendants Laxamana and Martinez argue they are entitled to summary judgment in their favor because the record shows they were not present when the alleged assault occurred, so they could not have prevented any such assault. [Doc. No. 20-1, at p. 7.] However, since Section 1997e(a) states that "[n]o action shall be brought . . . under section 1983 . . . until such administrative remedies as are available are exhausted," and defendants have shown that plaintiff did not exhaust available remedies, it is not necessary for the District Court to address defendants' alternative argument.

### *Conclusion*

The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Judge assigned to this case pursuant to Title 28, United States Code, Section 636(b)(1). For the reasons outlined above, IT IS RECOMMENDED that the District Court GRANT defendants' Motion for Summary Judgment, because the record before the Court establishes that plaintiff failed to exhaust his administrative remedies as required by Title 42, United States Code, Section 1997e(a), and the sections of the California Code of Regulations outlined above.

///

///

12

17cv1399-WQH(KSC)

IT IS HEREBY ORDERED that ***no later than July 1, 2019*** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties ***no later than July 15, 2019***. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: June 4, 2019

Hon. Karen S. Crawford
United States Magistrate Judge